IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHET WILSON**, individually and on behalf of a class of all persons and entities similarly situated, | :<br>:  Case No. 2:25-cv-04845<br>: |
| Plaintiff(s), | : |
| v. | : |
| **MONARCH RECOVERY MANAGEMENT, INC.**, | : |
| Defendant(s). | : |

**DEFENDANT MONARCH RECOVERY MANAGEMENT, INC.'S ANSWER WITH AFFIRMATIVE DEFENSES TO PLAINTIFF'S CLASS ACTION COMPLAINT**

Now comes Defendant Monarch Recovery Management, Inc. ("Monarch") by and through its undersigned counsel and hereby responds to Plaintiff's Class Action Complaint:

**Preliminary Statement**

1. Admitted in part, denied in part. Monarch admits that Paragraph 1 of Plaintiff's Class Action Compliant quotes a portion of *Barr v. Am. Ass'n of Political Consultants*, 591 U.S. 610 (2020). Monarch denies any remaining allegations in this Paragraph and further denies it violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2. Admitted in part, denied in part. Monarch admits that Plaintiff's Class Action Complaint alleges violations of the TCPA. Monarch denies it called Plaintiff using pre-recorded voices. After reasonable investigation, Monarch lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2 of Plaintiff's Class Action Complaint and, therefore, denies the same.

1

3. Admitted in part, denied in part. Monarch admits Plaintiff attempts to bring this action on behalf of a putative class. Monarch denies that class treatment is appropriate because Monarch does not use either (a) an automated telephone dialing system ("ATDS"), as that term is defined by the TCPA, 47 U.S.C. § 227(a)(1), or (b) "an artificial or prerecorded voice." 47 U.S.C. § 227(b)(1)(A).

4. Monarch denies Paragraph 4 of Plaintiff's Class Action Complaint.

## Parties

5. Monarch admits Paragraph 5 of Plaintiff's Class Action Complaint, upon information and belief.

6. Monarch admits Paragraph 6 of Plaintiff's Class Action Complaint.

## Jurisdiction & Venue

7. Monarch admits that, at the time of filing this Answer, this Court has subject-matter jurisdiction.

8. Monarch admits Paragraph 8 of Plaintiff's Class Action Complaint.

9. Monarch admits Paragraph 9 of Plaintiff's Class Action Complaint.

## The Telephone Consumer Protection Act

10. Admitted in part, denied in part. Monarch admits that Congress enacted the TCPA in response to the telemarketing industry. Monarch further admits that Paragraph 10 of Plaintiff's Class Action Complaint purports to quote a portion of the TCPA which is a written statute that speaks for itself and to which no response is required. Monarch denies it is a telemarketer and further denies it violated the TCPA.

11. Monarch admits Paragraph 11 of Plaintiff's Class Action Complaint.

12. Monarch admits Paragraph 12 of Plaintiff's Class Action Complaint.

13. After reasonable investigation, Monarch lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of Plaintiff's Class Action Complaint and, therefore, denies the same. By way of further response, this Court is not bound by any interpretation of the Federal Communications Commission ("FCC") with respect to the TCPA. *See McLaughlin Chiropractic Assocs. v. McKesson Corp.*, 606 U.S. 146 (2025).

14. Admitted in part, denied in part. Monarch admits that Paragraph 14 of Plaintiff's Class Action Complaint purports quote a portion of a report and order from the FCC which is a writing that speaks for itself and to which no response is required. However, to the extent a response is required, Monarch denies it violated the TCPA. By way of further response, the TCPA does not prohibit "prerecorded calls" as stated in this paragraph, but rather prohibits the use of "artificial or prerecorded voice." Furthermore, this Court is not bound by any report or order from the FCC interpreting the TCPA. *See McLaughlin*, *supra.*

## Factual Allegations

15. Monarch denies Paragraph 15 of Plaintiff's Class Action Complaint.

16. After reasonable investigation, Monarch lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of Plaintiff's Class Action Complaint and, therefore, denies the same.

17. After reasonable investigation, Monarch lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of Plaintiff's Class Action Complaint and, therefore, denies the same.

18. Admitted in part, denied in part. Monarch admits it dialed the phone number (541) 999-9999. After reasonable investigation, Monarch lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 18 of Plaintiff's Class Action Complaint and, therefore, denies the same.

19. Monarch admits Paragraph 19 of Plaintiff's Class Action Complaint.

20. Monarch admits Plaintiff 20 of Plaintiff's Class Action Complaint.

21. Admitted in part, denied in part. Monarch admits that when either telephone number is called, the caller is initially greeted with an automated prerecorded statement (like many businesses have). Monarch denies that the automated greeting is the full experience of the inbound caller. Monarch further denies that having an automated greeting for inbound telephone calls violates the TCPA.

22. Monarch denies Paragraph 22 of Plaintiff's Class Action Complaint, as stated.

23. After reasonable investigation, Monarch lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of Plaintiff's Class Action Complaint and, therefore, denies the same.

24. Monarch denies Paragraph 25 of Plaintiff's Class Action Complaint.

25. Monarch denies Paragraph 25 of Plaintiff's Class Action Complaint, as stated.

26. Monarch denies Paragraph 26 of Plaintiff's Class Action Complaint.

27. After reasonable investigation, Monarch lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of Plaintiff's Class Action Complaint and, therefore, denies the same.

28. After reasonable investigation, Monarch lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of Plaintiff's Class Action Complaint and, therefore, denies the same.

29. Monarch denies Paragraph 29 of Plaintiff's Class Action Complaint.

30. After reasonable investigation, Monarch lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of Plaintiff's Class Action Complaint and, therefore, denies the same.

31. Monarch denies Paragraph 31 of Plaintiff's Class Action Complaint.

32. Monarch denies Paragraph 32 of Plaintiff's Class Action Complaint.

## Class Action Statement

33. Monarch incorporates its responses to Paragraphs 1 – 32 of Plaintiff's Class Action Complaint as if fully set forth herein.

34. Admitted in part, denied in part. Monarch admits Plaintiff brings this action as a class action. Monarch denies that class treatment is appropriate because there was no violation of the TCPA.

35. Admitted in part, denied in part. Monarch admits Paragraph 35 of Plaintiff's Class Action Complaint attempts to define a putative class. Monarch denies that class treatment is appropriate because it does not use artificial or prerecorded voices when calling cell phones and did not violate the TCPA.

36. Monarch denies Paragraph 36 Plaintiff's Class Action Complaint.

37. Admitted in part, denied in part. Monarch admits that Paragraph 37 of Plaintiff's Class Action Complaint attempts to further refine the definition of the putative class. Monarch

denies that class treatment is appropriate because it does not use artificial or prerecorded voices when calling cell phones and did not violate the TCPA.

38. Monarch denies Paragraph 38 of Plaintiff's Class Action Complaint.

39. Admitted in part, denied in part. Monarch admits that Plaintiff seeks monetary damages and injunctive relief. Monarch denies that Plaintiff is entitled to any relief because it does not use artificial or prerecorded voices when calling cell phones and did not violate the TCPA. By way of further response, Plaintiff is not entitled to any injunctive relief because they failed to offer any facts demonstrating a threat of continued irreparable harm. *See Sampson v. Murray*, 415 U.S. 61, 88 (1974).

40. Monarch denies Paragraph 40 of Plaintiff's Class Action Complaint.

41. Admitted in part, denied in part. Monarch admits that Plaintiff does not know the size of the class. Monarch denies that any class exists because it does not use artificial or prerecorded voices when calling cell phones and did not violate the TCPA. After reasonable investigation, Monarch lacks knowledge or information sufficient to form a belief as to the truth of any allegations regarding Plaintiff's beliefs and, therefore, denies the same.

42. Monarch denies Paragraph 42 of Plaintiff's Class Action Complaint.

43. Monarch denies Paragraph 43 of Plaintiff's Class Action Complaint.

44. Monarch denies Paragraph 44 of Plaintiff's Class Action Complaint.

45. Monarch denies Paragraph 45 of Plaintiff's Class Action Complaint, including all subparts.

46. Monarch denies Paragraph 46 of Plaintiff's Class Action Complaint.

47. Admitted in part, denied in part. Monarch admits Plaintiff retained counsel. Monarch denies that Plaintiff's Counsel can vigorously prosecute the class action because there is no class. After reasonable investigation, Monarch lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations and, therefore, denies the same.

48. Monarch denies Paragraph 48 of Plaintiff's Class Action Complaint.

49. Monarch denies Paragraph 49 of Plaintiff's Class Action Complaint.

50. Monarch lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 of Plaintiff's Class Action Complaint and, therefore, denies the same.

## FIRST CAUSE OF ACTION
### Statutory Violations of the Telephone Consumer Protection Act
### (47 U.S.C. § 227(b)) on behalf of the Robocall Class

51. Monarch incorporates its responses to Paragraphs 1 – 50 of Plaintiff's Class Action Complaint as if fully set forth herein.

52. Monarch denies Paragraph 52 of Plaintiff's Class Action Complaint.

53. Monarch denies Paragraph 53 of Plaintiff's Class Action Complaint.

54. Monarch denies Paragraph 54 of Plaintiff's Class Action Complaint.

**55.** Monarch denies Paragraph 55 of Plaintiff's Class Action Complaint.

## Affirmative and Other Defenses

1. Monarch did not use an ATDS as defined by the TCPA to make any calls to Plaintiff or the putative class.

2. Monarch did not leave nor does it leave any messages using "an artificial or prerecorded voice" on cellular phones.

3. Monarch asserts that an award of statutory damages in the absence of actual damages would exceed the limits of Constitutional due process. *See, e.g., State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003); *BMW of N. Am. v. Gore*, 517 U.S. 559 (1999).

4. Since Plaintiff did not suffer any actual damages, their individual recovery (to the extent they are entitled to such recovery, which Monarch denies) is limited to statutory damages only.

5. This Court is not bound by, nor must it given any deference to any interpretation, regulation, or regulatory action taken by the FCC. *See McLaughlin, supra*; *Loper Bright v. Raimondo*, 603 U.S. 369 (2024).

6. Plaintiff is not entitled to any injunctive relief because they failed to offer any facts demonstrating a threat of continued irreparable harm. *See Sampson, supra.*

7. Plaintiff's claims, to the extent they are premised on alleged music being played, must fail because the TCPA only prohibits the use of "an artificial or prerecorded voice." 47 U.S.C. § 227(b)(1)(A). "The ordinary meaning of 'voice' when the TCPA was enacted . . . was a '[s]ound formed in or emitted from the human larynx in speaking,'" *Trim v. Reward Zone USA LLC*, 76 F.4th 1157, 1162 (9th Cir. 2023), *quoting* "Voice" (def. 1a) *Oxford English Dict.*, (2d ed. 1989), and "Voice" (def. 1a), *Webster's Ninth New Collegiate Dict.* (1991).

WHEREFORE, Defendant Monarch Recovery Management, Inc. requests that this Court dismiss Plaintiff's Class Action Complaint, with prejudice, and further requests that it be granted all such other and further relief, at law or in equity, as to which it may be justly entitled.

Respectfully submitted,

**BARRON & NEWBURGER, P.C.**

        By:    /s/ Brit J. Suttell
             BRIT J. SUTTELL, ESQUIRE
             PA Id. No. 204140
             6100 219th St. SW, Suite 480
             Mountlake Terrace, WA   98043
             (484) 999-4232
             britjsuttell@bn-lawyers.com
             Counsel for Defendant Monarch Recovery Management, Inc.

Dated:  September 18, 2025

## **CERTIFICATE OF SERVICE**

I certify that on September 18, 2025, a true copy of the foregoing document was served on all counsel of record via CM/ECF.

                                           **BARRON & NEWBURGER, P.C.**

                                           By:      /s/ Brit J. Suttell
                                                                      BRIT J. SUTTELL, ESQUIRE
                                                                      PA Id. No. 204140
                                                                      6100 219th St. SW
                                                                      Suite 480
                                                                      Mountlake Terrace, WA  98043
                                                                      (484) 999-4232
                                                                      britjsuttell@bn-lawyers.com
                                                                      Counsel for Defendant Monarch Recovery Management, Inc.