IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Chet Wilson,<br><br>        v.<br><br>Monarch Recovery Management, Inc. | Case No. 2:25-cv-04845 |

**JOINT RULE 26(f) REPORT**

Pursuant to Rule 26(f) and Judge Murphy's policies and procedures, the parties have thoroughly discussed a discovery plan and provide the following report:

**I.      Counsel**

        A.      Lead counsel for plaintiff(s):          Andrew Roman Perrong

        B.      Lead counsel for defendant(s):       Brit J. Suttell

        C.      All counsel who participated in Rule 26(f) conference on behalf of Plaintiff(s): Andrew Roman Perrong

        D.      All counsel who participated in Rule 26(f) conference on behalf of Defendant(s): Brit J. Suttell

        NOTE: Per Judge Murphy's policies and procedures, lead counsel for a case **must** participate in the Rule 26(f) conference.

**II.     Description of claims and defenses**

The parties may assume that Judge Murphy has read the complaint and other pleadings and is familiar with the claims and defenses. With that in mind, counsel should go a layer deeper and summarize the key facts and threshold legal issues that underlie the claims and defenses. In addition, the parties should attach critical documents to this report, if not attached to the pleadings already (*e.g.*, in a contract case, the document(s) comprising the contract; in a personal injury case, photographs of the scene, etc.).:

The Plaintiff alleges that the Defendant violated the TCPA by calling his cell phone number on the Do Not Call Registry with a prerecorded message that played an artificial and/or prerecorded voice. As such, adjudication of the Plaintiff's claims with be a simple matter of analyzing the Defendant's telephone records to ascertain who all Defendant called with a prerecorded message without consent. Defendant admits that it called the Plaintiff, but denies two key legal (and partially factual elements). First, it denies that an artificial or prerecorded voice was used at all on the calls, or whether one would have been played. Second, Defendant contends that, because the initial part of the recording Plaintiff has reflects that music was played, this is insufficient to constitute an "artificial or prerecorded voice" under the TCPA. Defendant denies that any "music" was played in the two call recordings. Defendant has already provided these call recordings (the only call recordings) to Plaintiff in its initial disclosures. Thus, discovery into the messages Defendant sent, as well as the capabilities of the Defendant's telephone system, and whether or not such capabilities were actually or could have been used on the calls will be necessary. Relatedly, answers to these questions will help inform the propriety of the class claims.

**III.   Stipulated facts and insurance coverage and deductibles**

The parties must stipulate as to facts not in dispute. We require stipulations to avoid duplicative and unnecessary discovery, wasted time in depositions asking questions about names, addresses and background or otherwise on dates which are undisputed, employment histories, etc. While we do not expect you to stipulate to disputed facts at this early stage, we do expect a thorough recitation of undisputed facts. The parties must also disclose insurance coverage, including retainer or deductible, consistent with Rule 26(a)(1)(A).

The parties stipulate to the following facts:

- Defendant placed the calls alleged in the Complaint.
- Defendant did not have any consent to contact Plaintiff.

Discovery may be available for the claims herein; the Defendant has produced a potentially applicable policy and continues to evaluate the same.

**IV.  Anticipated scope of discovery**

This information is critical to having a meaningful conference, and Judge Murphy's understanding of the scope and nature of discovery will largely determine the schedule. The parties should consider the discovery that they will need and provide thoughtful answers. Generic statements like "discovery about all claims and defenses" is unacceptable. Judge Murphy invites the parties to vary from the default limits in the Federal Rules and provide thoughtful answers based on their actual assessment of the case.

    A.    Summarize with specificity those issues on which the parties will need to conduct discovery. Identify categories of information each party needs in discovery and why.

        Plaintiff requires discovery into the class calling records, as well as information about the capabilities of and other particulars pertinent to the system used to contact the Plaintiff, as well as how such systems were programmed, as well as information into the calls at issue, including recordings.

    B.    Anticipated number of interrogatories per party:

        Plaintiff    25

        Defendant    _25_____

    C.    Anticipated number of depositions per party:

        Plaintiff    5

        Defendant    _2_____

    D.    Do the parties anticipate the need for any agreements on remote deposition protocols?

    No; the parties will work collaboratively to develop such protocols should the need arise.

E. To the extent either party proposes to exceed the presumptive limits in the Federal Rules for discovery, explain the basis for that proposal.

    Not at this time.

F. Do the parties anticipate the need for a Fed. R. Evid. 502(d) order?

    The parties are amenable to the entry of a form Rule 502(d) order.

G. Do the parties anticipate the need for any third-party discovery? If so, identify the likely third parties and the discovery to be sought.

    The Plaintiff may seek third party discovery into any telephone companies or vendors used to place the calls at issue, as well as the manufacturers of the telephone systems used.

H. Do the parties anticipate the need for experts? If so, identify the subjects on which the expert(s) may opine. Be sure to point out whether defendant(s) will be advancing experts on affirmative issues, or only in response to plaintiff(s) experts. State whether expert depositions will be taken, and if so, an agreement or positions on how many will be required.

    Yes, Plaintiff will retain an expert to analyze classwide calling data to determine which calls were placed without consent to cell phones using an artificial or prerecorded voice. Plaintiff may also retain an expert to analyze the Defendant's telephone system.

    Defendant may retain a rebuttal experts as necessary.

I. Does the plaintiff expect to request attorneys' fees as a prevailing party, either pursuant to a contract or a statute? If so, state the basis for the expected request.

    Yes, Plaintiff seeks an award of Attorneys' fees to be paid out of the common fund out of any certified class. Defendant notes that there is no contract or statute that would allow for Plaintiff to obtain fees as a prevailing party.

J. Has each party provided written notice to the client of the obligation to preserve all relevant material, including electronic records?

    Plaintiff Yes.

    Defendant _Yes_____

V.  **Status of discovery**

The parties must summarize the status of discovery so far. If discovery has not progressed, the parties should explain why. In general, Judge Murphy expects the parties to begin discovery prior to the Rule 16 conference.

Plaintiff has served his first set of discovery on Defendant on November 19, 2025, and is awaiting a response.

VI.  **Proposed case management deadlines**

   A. Rule 26(a)(1) initial disclosures were exchanged: 11/20/2025

   B. Deadline to amend pleadings to add claims or parties (must be as early as practicable to avoid prejudice or unnecessary delays): 2/27/2026

   C. Deadline for affirmative expert reports (if any) and disclosure of lay witness opinion testimony with related information and documents (if any): 7/31/2026

   D. Deadline for rebuttal expert reports (if any): 8/28/2026

   E. Deadline(s) to complete fact/expert discovery: 9/25/2026

   F. Provide an explanation for the position of the parties on whether expert discovery will run concurrently with fact discovery or be sequenced after fact discovery.

   The parties believe expert discovery should run concurrently.

   G. If any party seeks more than 120 days for discovery, explain why.

   The parties respect a slightly enlarged timeline owing to the class action nature of this dispute and the additional discovery necessary into the class claims.

   H. Deadline to file motion for summary judgment: 10/30/2026 (includes Motions for Class Certification)

VII.  **Electronic discovery**

The parties' Rule 26(f) discussions must include a thorough discussion about electronic discovery, including but not limited to: (1) the need for electronically stored information ("ESI"); (2) sources of ESI; (3) the anticipated scope of electronic discovery; (4) the identity of potential custodians; (5) whether search terms will be necessary and, if so, any limitations thereto; (6) the

respective burdens of collecting, reviewing, and producing ESI, including any claims for cost-shifting under the Federal Rules of Civil Procedure; and (7) any anticipated problems with electronic discovery. The parties should summarize their discussion on these issues here. Counsel who attends the Rule 16 conference should be familiar with and able to discuss any ESI-related issues that might arise.

      In addition, the Parties should state whether they have agreed to an ESI stipulation. If so, the parties should submit the stipulation to the Court in advance of the Rule 16 conference. If not, the parties should identify what issues need to be resolved to finalize the stipulation.

      The parties have discussed the need for ESI and sources of ESI, which primarily consist of calling records. As such, because of the relatively limited and ascertainable nature of the EESI in this case, the parties do not believe designation of custodians, search terms, or cost-shifting are necessary at this time. The parties will work collaboratively to resolve any potential ESI issues and will notify the Court if further issues arise.

**VIII.  Protective orders and confidentiality agreements**

      The parties should indicate whether they anticipate the need for a protective order in this case. If so, the parties must explain what type of information needs protection from disclosure and why such protection is warranted under governing standards. In addition, the parties are directed to Judge Murphy's policies and procedures concerning protective orders and confidentiality agreements.

      The parties anticipate that there may be a need for a protective order in this case to safeguard calling data and records of individuals contacted, including associated financial or

account information. The parties have reviewed Judge Murphy's policies on the same, and believe that such data warrants protection under applicable Third Circuit precedent, including *Avandia* and *Borough of Stroudsburg.* The parties will submit a proposed order, in accordance with the Court's guidance, at an appropriate stage.

### IX. Alternative dispute resolution

A. Have the parties engaged in any settlement discussions? If so, set forth the status of those negotiations. If not, explain why not.

> Yes, the parties have engaged in overarching discussions, but Plaintiff believes further discovery is necessary before they are prepared to engage in the same, including once some discovery has been taken as to the appropriateness of the class claims.
>
> Defendant may be willing to resolve this case for a nuisance value but denies it violated the TCPA or that there is a class.

B. Have the parties explored or considered other forms of alternative dispute resolution? If so, summarize those efforts. If not, state the parties' positions with respect to ADR, as required under Local Rule 53.3.

> The parties have discussed and considered ADR and are amenable to private mediation at an appropriate juncture. Defendant is amenable to a settlement conference with a magistrate at the close of discovery.

C. Identify the individual who will attend the Rule 16 conference who will have authority to discuss settlement.

> Andrew Roman Perrong, on behalf of and as counsel for Plaintiff.
>
> Brit J. Suttell, on behalf of Defendant

### X. Consent to send case to a Magistrate Judge

If all parties consent to have a United States Magistrate Judge conduct any or all proceedings in this case, pursuant to 28 U.S.C. § 636(c), the parties should indicate as such and complete and return to the Court a Consent and Reference Of A Civil Action To A Magistrate Judge, (available at this link).

XI.   **Service by electronic means**

Confirm that the parties consent to service of pleadings and discovery via email pursuant to Fed. R. Civ. P. 5(b)(2)(E).  Any party that does not consent must explain its reasons.

The parties consent.

XII.  **Policies and procedures**

Judge Murphy's policies and procedures are available for the parties to review on the Court's website. By signing below, counsel for each party and/or each *pro se* party represents that he or she has reviewed the Judge's policies and procedures and acknowledges the requirements contained therein.  The parties and their counsel further acknowledge by signing below that Judge Murphy may strike pleadings and other submissions that do not comply with his policies and procedures.

XIII. **Other matters**

The Parties should identify any other issues that have not been addressed above but may require the Court's attention (*e.g.*, anticipated motions, bifurcation, privilege issues, etc.).

None at this time. The parties wish to apologize to the Court for the tardiness of filing this Report, which occurred as a result of a calendaring error.

Dated: December 3, 2025

Plaintiff,

By Counsel

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.
PA Bar #333687
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

*Attorney for Plaintiff and Proposed Class*

By:    /s/ Brit J. Suttell
BRIT J. SUTTELL, ESQUIRE

PA Id. No. 204140

Barron & Newburger, P.C.

6100 219th St. SW, Suite 480

Mountlake Terrace, WA  98043

(484) 999-4232

britjsuttell@bn-lawyers.com

Counsel for Defendant Monarch Recovery Management, Inc.